# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JOHN A. BALDI, | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 12-10050-DJC |
| JUDGE DAVID A. GARFUNKEL, | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                     February 2 , 2012

## I.    Introduction

On January 9, 2012, petitioner John A. Baldi ("Baldi"),[1] a resident of Melrose, Massachusetts, filed a petition for writ of habeas corpus (on the standard form) pursuant to 28 U.S.C. § 2254 challenging his potential future custody for civil contempt stemming from a civil

---

[1] Baldi is a frequent filer in this Court. In Baldi v. Supreme Judicial Court for Suffolk County, et al., C.A. 04-10198-JLT, he sought a Court Order directing the Supreme Judicial Court to schedule a hearing on his bar application and to declare the Massachusetts bar admission rules unconstitutional. That action was dismissed for lack of subject matter jurisdiction. Thereafter, in Baldi v. Barshak, et al, C.A. 04-12511-RGS, he sued the Chairman of the Board of Bar Examiners, the Chief Justice of the Supreme Judicial Court, and various members of the Board of Bar Examiners and other state officials based on the refusal to admit him to practice law in the Commonwealth of Massachusetts because he lacked the moral character required for admission to the bar. That action was dismissed based on Eleventh Amendment immunity. In 2007, Baldi filed a convoluted lawsuit against Boston FBI agents alleging the agents had a history of conspiring with criminals to commit murder and other illegal acts, as evidenced by the Whitey Bulger matter, and other scandals. That action was dismissed for failure to state claims upon which relief may be granted. See Baldi v. Boston FBI Agents, C.A. 07-10361-RWZ. Undeterred, Baldi filed a lawsuit against the Director of the FBI, FBI agents, and others, essentially reiterating claims previously raised in his 2007 civil action. That action was dismissed and the Court prohibited Baldi from reasserting any claims raised in the action and warned Baldi that he could be enjoined as a sanction. See Baldi v. Mueller, et al., C.A. 09-10320-DPW.

action in the State of New Hampshire. He names New Hampshire Justice David A. Garfunkel ("Justice Garfunkel") as the respondent, and also references the Attorney General for the State of New Hampshire (Michael A. Delaney) presumably as a respondent, pursuant to Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Court.[2] Baldi paid the $5.00 filing fee for the petition.

Specifically, Baldi's habeas petition challenges an Order issued by Justice David A. Garfunkel in the Hillsborough Superior Court in Nashua, New Hampshire finding him in contempt of court for failing to comply with a February 23, 2011 Order requiring Baldi to make a full and complete financial disclosure of his assets, including disclosure of the amounts of social security disability benefits and pension income received. That Order was made in connection with a civil action commenced by Baldi that later was dismissed. Along with the dismissal, attorneys' fees were awarded to the defendants, Ronald and Gail Brown. Baldi failed to pay that award of attorneys' fees, and (presumably) proceedings commenced for execution and collection on the judgment. See Baldi v. Brown, et al., No. 07-C-301.[3]

---

[2]Rule 2(b) provides: "Future Custody: Naming the Respondents and Specifying the Judgment. If the petitioner is not yet in custody – but may be subject to future custody – under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered. The petition must ask for relief from the state-court judgment being contested." Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Court.

[3]PACER public records reveal that Baldi filed a civil action in the Superior Court in the State of New Hampshire, which was removed to the United States District Court for the District of New Hampshire (Concord). See Baldi v. Brown, et al., 1:07-cv-00024-SM. Pleadings in that action reveal that Baldi had been involved in extensive litigation stemming from his action in writing a letter to the New Hampshire DES alleging that a Ronald Brown ("Brown") took soil taken from Baldi's property and used it illegally to fill wetlands. Brown thereafter sued Baldi for libel, and an Order for attachment of Baldi's property was perfected by the county sheriffs. Baldi, in turn, sued the sheriffs and numerous others, alleging, *inter alia*, procedural due process violations, and cruel and abusive treatment. It is unclear whether that action relates indirectly to the contempt matter that

On July 15, 2011, a show cause hearing was set, and on September 1, 2011, a show cause hearing was held before Justice Garfunkel. At the hearing, Baldi argued that he could not be compelled to disclose the amounts of his social security benefits and pension income, citing <u>Landry v. Landry</u>, 154 N.H. 785 (2007) as supporting authority. Justice Garfunkel rejected Baldi's arguments and found that a reading of <u>Landry</u> did not support Baldi's position, because that case addressed the exemption from attachment and execution for certain goods and property. Additionally, Justice Garfunkel explained to Baldi that the Court's Order only required disclosure of income; it did not grant any party the right to attach or execute against his social security benefits or pension income. It was further explained that any effort by the defendants to attach and execute would require prior court approval, and that Baldi would be given an opportunity to object if any party sought such permission. Justice Garfunkel found that because Baldi refused to comply with his Order for full disclosure of assets, he was in contempt of Court. As a result, Baldi was committed to the Hillsborough County House of Corrections for an initial period of 30 days from September 1, 2011. Baldi was advised that he could purge himself of contempt and secure his release by complying with the Court's Order of February 23, 2011. A further hearing was set for September 30, 2011. <u>See</u> Order dated September 1, 2011 in <u>Baldi v. Brown, et al.</u>, No. 07-C-301. It appears that Baldi was released after that hearing, but the circumstances or conditions of release are not set forth.

In the instant petition, Baldi alleges that he has not been charged or convicted of a crime, but has been held in civil contempt merely for exercising his federal statutory right not to reveal the amount of benefits he receives. He further claims that the state court had no jurisdiction over his social security benefits, and that the state court unlawfully awarded attorneys' fees to the civil

---

is the subject of this case.

3

defendants. He contends that Justice Garfunkel conceded that he lacked jurisdiction over his social security benefits, but nevertheless "said he wanted to know so he could issue an order of payment from [his] SSI funds." Pet. (Docket No. 1 at 5, ¶ 4).

On January 10, 2012, Baldi filed a Supplement to Clarify Jurisdiction (Docket No. 3). In that document, he asserts that he is a long time resident of Melrose, Massachusetts and currently is not detained in any correctional facility. He was released from the Hillsborough County House of Correction on September 30, 2011, but contends that he remains in custody because the respondents continue to hold him in contempt. He asserts that because he is physically present in this District, this Court has jurisdiction over his petition. Further, Baldi asserts that contempt is still in effect, and that he was ordered to appear in the Hillsborough County Superior Court in Manchester, New Hampshire on January 13, 2012 to again be sentenced to a term of incarceration in that facility for his continued refusal to give up his right not to reveal the amount of money he receives in benefits or pension income.

Next, Baldi alleges that he filed a petition for writ of habeas corpus in the New Hampshire Supreme Court, but on September 23, 2011, the petition was dismissed without prejudice. An attachment to the instant petition indicates that in Petition of John Baldi, Case No. 2011-0669, the Supreme Court of New Hampshire issued an Order on the petition for writ of habeas corpus seeking relief from the decision of the New Hampshire Superior Court. That Order dismissed the petition without prejudice to seeking relief from the Superior Court in the first instance. The Order also directed that, to the extent Baldi challenged the finding of contempt, he was required to file a Notice of Appeal by October 11, 2011, and pay the filing fee or file an application for a waiver of the filing fee. The notice of appeal was deemed to be filed on September 8, 2011 for purposes of timeliness. The status of that appeal is not clear.

As an additional matter, Baldi attempts to assert criminal violations by various state actors.

4

Attached to his Supplement is a copy of a letter dated August 31, 2011 and addressed to Carmen Ortiz, the United States Attorney for the District of Massachusetts, seeking to file a criminal complaint against a number of judges of the New Hampshire Superior Court, the Attorney General, two Clerks of Court, the Sheriff and deputy sheriffs, and others, alleging, *inter alia*, misprision of felony, conspiracy against rights, tampering with a witness, victim, or informant, fraud and swindles (mail fraud), and RICO violations. See Exhibit (Docket No. 3-1). Also attached is a supplemental letter dated December 12, 2011 adding additional allegations for "kidnaping" based on an alleged unlawful seizure of his person and incarceration at the Hillsborough County House of Correction (based on the contempt). See Exhibit (Docket No. 3-2). Additionally, Baldi alleges that the dismissal of his civil action against state employees was in error and constituted mail fraud and civil RICO violations. Finally, he argues the award of attorneys' fees to the defendants was in error because New Hampshire adheres to the "American Rule" where each side in the lawsuit pays his/her own attorneys' fees.

As relief in this action, Baldi seeks a writ of habeas corpus purging him of civil contempt for non-disclosure of his social security benefits, as well as a hearing on his criminal indictments.

On January 20, 2012, Baldi filed a Motion to Quash (Docket No. 4). In that motion, he seeks to quash and purge the Order of Justice Garfunkel issued on January 13, 2012 finding him in contempt. Baldi states that he received an order from Justice Garfunkel instructing him to appear on February 3, 2012 for a "Further Contempt Hearing" or else a capias warrant will issue for his arrest.[4] He also asserts that on two prior occasions, he provided the court with complete financial

---

[4]Attached to Baldi's motion was the Order of Justice Garfunkel noting that Baldi failed to appear at the January 13, 2012 hearing, and noting that a further contempt hearing would be scheduled for Baldi to show cause why he should not be found in contempt for his failure to appear, and why he should not be found in contempt for his failure to comply with earlier court orders regarding disclosure of certain financial information. See Order (Docket No. 4-3).

affidavits, exclusive of social security and ERISA information. Finally, he contends that 42 U.S.C. §§ 407(a) and (b) provide legal support for his position that he does not have to disclose his social security information because the statute provides that benefits are not subject to execution, levy, attachment, garnishment, or other legal process. He also cites to various federal criminal statutes regarding his claims of kidnaping and mail fraud.[5]

As additional relief, Baldi seeks an Order from this Court to instruct the clerk to schedule a hearing on this motion before February 3, 2012, to send notice to Justice Garfunkel and to Ronald and Gail Brown, and, if a hearing cannot be scheduled by February 3, 2012, to issue an order temporarily quashing or staying Justice Garfunkel's January 13, 2012 order until a final ruling can be made by this Court. He also requests that if this Court finds probable cause that Justice Garfunkel acted in conspiracy with Ronald and Gail Brown, or violated any federal criminal statutes, that this Court issue arrest warrants against Justice Garfunkel and the Browns, and take them into federal custody.

**II.    Discussion**

    **A.    Standard of Review for a Section 2254 Petition**

Under Rule 4(b) of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition). A petition for a writ of habeas

---

[5] Baldi makes hyperbolic allegations that he has been held for ransom by Justice Garfunkel in violation of the federal kidnaping statute. He also contends that Justice Garfunkel's unlawful court orders violates his Fourth Amendment right to be free of unlawful search and seizure.

corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994). Here, in conducting a review of the habeas petition, Baldi's *pro* se pleading is construed generously. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000). Notwithstanding a broad construction of the petition, Baldi has failed to set forth cognizable § 2254 claims for which habeas relief is warranted, for the reasons discussed below.

### B. Request for Hearing on Criminal Indictments and/or Arrest Warrants

As an initial matter, Baldi's petition seeks, in part, relief in the form of a hearing on his allegations against a host of individuals based on illusory claims of violations of various criminal statutes. He also seeks to have this Court issue arrest warrants for Justice Garfunkel and the Browns if this Court finds probable cause to believe federal criminal statutes have been violated. These requests are not habeas in nature (*i.e.*, they do not involve release from custody nor do they prevent future detention) and thus they are not appropriately raised in this habeas action.

In any event, no hearing on criminal violations is warranted, and this Court will not issue any arrest warrants because Baldi has no standing to prosecute others and because federal courts do not have jurisdiction over criminal cases unless they are prosecuted by the United States Attorney. See e.g., United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]here is a long line of cases holding that federal courts have no jurisdiction over cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney"); Pugach v. Klein, 193 F. Supp. 630, 633-635 (S.D.N.Y. 1961) (power to enforce criminal law vested in executive branch by Constitution; no residual power in private citizens to enforce law when United States Attorney does not prosecute). "Except as otherwise provided by law, each United States attorney, within his

district, shall (1) prosecute all offenses against the United States." 28 U.S.C. § 547 (1). Baldi does not have standing to bring a criminal action because no statute authorizes him to do so. Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir.1964) (*per curiam*); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (*per curiam*) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).

Accordingly, Baldi's request for a hearing on criminal violations or to issue arrest warrants is DENIED.

### C. Lack of Jurisdiction Over the Respondent(s)

Generally, a habeas petitioner challenging the legality of his detention must name his immediate custodian, "the individual having day to day control over the facility in which he is being detained" as the respondent to the petition. Vasquez v. Reno, 233 F.3d 688, 695-696 (1st Cir. 2000), cert. denied, sub nom. Vazquez v. Ashcroft, 122 S. Ct. 43 (2001); 28 U.S.C. § 2243 (writ of habeas corpus is "directed to the person having custody of the person detained."); see Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action). The reason that the proper respondent is deemed to be the individual with the day to day control over a petitioner is because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973).

8

Here, however, Baldi is not physically in custody (and therefore has no immediate custodian), so he has named Justice Garfunkel and the New Hampshire Attorney General as a respondents presumably because they have control over his liberty. For purposes of this Memorandum and Order, and only for this purpose, the Court will presume Justice Garfunkel and the New Hampshire Attorney General are the proper respondents to the § 2254 action, and need not delve further into the question of the proper respondent.[6] Even with these assumptions, this Court lacks jurisdiction over these New Hampshire respondents and therefore cannot issue a writ of habeas corpus to compel them to release Baldi from future confinement. Thus, the fact that Baldi is physically located in Massachusetts does not confer habeas jurisdiction in the District of Massachusetts. Accordingly, any request for habeas relief under § 2254 must be made in the District of New Hampshire and not in this District.

### D. Failure to Exhaust State Remedies

Apart from the jurisdictional issue discussed above, there are other legal impediments to Baldi's petition. As a threshold matter, in order to obtain § 2254 relief, a petitioner must be "in custody" under the state court order. Here, in his Supplement, Baldi asserts that he meets the "in custody" requirement for § 2254 habeas relief notwithstanding that he currently is not detained.[7]

---

[6]That is, assuming without deciding for purposes of this Memorandum and Order only, that Justice Garfunkel would not be entitled to absolute judicial immunity because he is being sued in his capacity as custodian rather than in his capacity as a judicial officer.

[7]Reading his allegations broadly, the Court presumes Baldi contends he satisfies the "in custody" requirement for § 2254 habeas relief because he is still subject to governmental restraint on his liberty (as, for instance, where a petitioner is on probation or supervised release conditions), because the "in custody" requirement does not require actual, physical custody. See Jones v. Cunningham, 371 U.S. 236, 240 (1963) ("History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus"); Tinder v. Paula, SND, 725 F.2d 801, 803 (1st Cir. 1984). Whether Baldi's status meets the "in custody" requirement because it imposes a significant restraint on his

Even if this Court were to assume that Baldi is "in custody" for purposes of § 2254 because he remains subject to incarceration for continued contempt, the petition still must be dismissed because it is patently clear that at the time of filing his petition and at present, Baldi had not exhausted his state remedies.

The requirement of exhaustion is well-established; before seeking a federal writ of habeas corpus, a § 2254 habeas petitioner must exhaust available state remedies. See 28 U.S.C. §2254(b), (c)[8]; Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010). In the interest of comity, the exhaustion requirement gives "the State an initial opportunity to pass upon and correct alleged violations of its [habeas petitioner's] federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted); see Janosky, 594 F.3d at 50, see also Skinner v. Switzer, 131 S.Ct. 1289, 1303 (Mar. 7, 2011). "To provide the State with the necessary 'opportunity,' the petitioner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004).[9]

---

liberty is not a matter for *sua sponte* determination on this record, particularly where Baldi has failed to set forth any factual allegations supporting the contention that his liberty is restrained while released. In any event, this Court need not delve into the matter further, nor require the respondents to file a response addressing this issue, because this action is subject to *sua sponte* dismissal for the reasons stated herein.

[8]Section 2254(b)(1)(A) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the state...." Section 2254(c) provides that "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

[9]The United States Court of Appeals for the First Circuit has held that the exhaustion requirement arises out of principles of federal-state comity rather than as a limit to the Court's jurisdiction. See Niziolek v. Ashe, 694 F.2d 282, 285 (1st Cir. 1982) ("We do not believe that Rose [v. Lundy, 455 U.S. 509 (1982)] establishes the exhaustion rule contained in 28 U.S.C. § 2254(b),

Notwithstanding that Baldi alleges in his petition that he has no other state remedies, his assertion is undermined by his statement that a hearing in the New Hampshire Superior Court was scheduled for January 13, 2012 regarding his continued contempt and continued refusal to disclose his assets. Further, in his Motion to Quash, Baldi confirms that he has a further contempt hearing before Justice Garfunkel set for February 3, 2012. Should Baldi be found to be in continued contempt at that time, then this Court presumes he may seek appellate review in New Hampshire.[10]

Accordingly, in light of the failure of Baldi to exhaust state remedies, and in light of the lack of jurisdiction over the respondents, this habeas petition will be <u>DENIED</u> and this action <u>DISMISSED</u> *sua sponte*.

### E. The Motion to Quash

In light of the above, Baldi has not set forth good cause for the relief he seeks in the Motion to Quash Justice Garfunkel's Order of contempt, or to purge Baldi of contempt. Moreover, this Court lacks jurisdiction to interfere with ongoing state court proceedings. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971) (federal courts have long recognized the "fundamental policy against federal interference with state criminal proceedings."); <u>In re Justices of the Superior Court Dept. of the Massachusetts Trial Court</u>, 218 F.3d 11, 16 (1st Cir. 2000). <u>See also</u> <u>Hawaii Housing Authority v. Midkiff</u>, 467 U.S. 229, 237-38 (1984) (federal court abstention from jurisdiction appropriate where "federal claims could have been or could be presented in ongoing state judicial proceedings that concern important state interests."). The <u>Younger</u> abstention doctrine has been applied to other non-

---

(c) as a jurisdictional requirement.").

[10]Additionally, as noted above, the New Hampshire Supreme Court dismissed his habeas petition but deemed that Baldi filed a notice of appeal on the issue of contempt as of September 8, 2011, and set a deadline of October 11, 2011 for filing a Notice of Appeal and payment of the filing fee. The status of this matter is unclear.

11

criminal proceedings, which would include this type of civil action.[11]

In view of the above, Baldi's Motion to Quash (Docket No. 4) is DENIED.

**III. Conclusion**

Based on the foregoing, it is hereby Ordered that:

1. The petition for writ of habeas corpus is DENIED;

2. Petitioner's requests for a hearing on criminal indictments and/or for arrest warrants to issue are DENIED;

3. Petitioner's Motion to Quash (Docket No. 4) is DENIED; and

4. This action is DISMISSED in its entirety.

**So ordered.**

    /s/ Denise J. Casper
United States District Judge

---

[11] A federal court must abstain from reaching the merits of a case over which it has jurisdiction so long as there is: (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at least, instituted prior to any substantial progress in the federal proceeding); that (2) implicates an important state interest; and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit. See Brooks v. New Hampshire Supreme Court, 80 F.3d 633 (1st Cir. 1996) citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The Court can find no exception to the Younger application under the circumstances presented here.